IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSIE PERKINS, et al.          :
                                :
                                :
     v.                         :   Civil Action No. DKC 23-1823
                                :
SANDY SPRING BUILDERS, LLC,     :
et al.                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this dispute over a property easement is the motion to dismiss District Title's third-party complaint filed by third-party Defendant Paragon Title and Escrow Co. ("Paragon") (ECF No. 83).[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part.

**I.  Background**

The background of this case was set forth in detail in a prior opinion, (ECF No. 64), and will be summarized here to give context to the relevant issues.

In or around spring 2020, James and Jessie Perkins ("the Perkins") contracted with Sandy Spring Builders, LLC ("Sandy Spring"), to purchase the property located at 10821 Alloway Drive,

---

[1] Paragon's motion to strike and/or determine sufficiency of responses to request for admission (ECF No. 101) will be dealt with separately.

Potomac, Maryland 20854 ("Lot 40").  Around the same time, Sandy Spring sold the neighboring lot, Lot 39, to Amir and Jessica Eyals ("the Eyals").  Sandy Spring worked together with real estate agent Marc Fleisher ("Mr. Fleisher"), broker Compass DMV, LLC ("Compass"), and District Title during the sale.  Due to undisclosed information and negotiations during the sale process, a dispute arose regarding the construction of a septic easement on Lot 40 for the benefit of Lot 39.  The septic easement and current and future construction have caused economic damages to the Perkins.

On July 7, 2023, the Perkins filed a complaint against Sandy Spring, District Title, Mr. Fleisher, and Compass.  (ECF No. 1). The Perkins brought a claim of negligence against District Title for "failing to notify the Perkins of the size and terms of the easement after it was notified of the easement in its correspondence with [Sandy Spring] and [Mr.] Fleisher."  (ECF No. 1 ¶ 89).  District Title moved to dismiss, and ultimately filed an amended motion to dismiss.  (ECF No. 56).  On August 20, 2024, this court ruled on several pending motions and denied District Title's motion to dismiss.  (ECF Nos. 64, 65).

On September 5, 2024, District Title filed an answer to the complaint, and on September 18, 2024, District Title filed a third-

2

party complaint against Paragon, pursuant to Fed.R.Civ.P. 14.[2] (ECF No. 69).  The third-party complaint alleges that Paragon negotiated and drafted the easement agreement, and "District Title was not privy to the parties' original expectations regarding the easement and, what[,] if [] any changes were made to the easement during the negotiations, etc."  (ECF No. 69 ¶ 6).  Further, District Title did not represent any party for the easement negotiations, and "it was not in the position to advise the parties to the easement in any way."  (ECF No. 69 ¶ 8).  District Title did not collect any fee "for any service related to the drafting or review of an easement."  (ECF No. 69 ¶ 8).  Therefore, "District Title's involvement and awareness of the circumstances of the easement issue is limited."  (ECF No. 69 ¶ 6).

"District Title's only involvement with the easement was that it agreed to record the final version of the easement provided to it by Paragon."  (ECF No. 69 ¶ 6).  "District Title was provided the signed and final version of the easement by Paragon and/or [the Perkins] on or about the time of settlement to record."  (ECF No. 69 ¶ 7).  Mr. Perkins was included on an email between Sandy Spring and District Title where "it was confirmed that the Paragon easement the parties asked [District Title] to record was

---

[2] The following facts are set forth in the third-party complaint and construed in the light most favorable to District Title.

3

recorded." (ECF No. 69 ¶ 7). Additionally, the easement was recorded in public land records which have been available to the Perkins. (ECF No. 69 ¶ 7).

District Title alleges that Paragon was obligated to: "draft, negotiate, modify and finalize an [e]asement that met the terms of the [Perkins] and [Sandy Spring and District Title] [("Co-Defendants")];" "provide proper notice to and obtain the consent of the [Perkins] and Co-Defendants for the terms of the [e]asement that it prepared;" and "provide District Title with a notice [] and contractually-compliant [e]asement." (ECF No. 69 ¶¶ 27-28). District Title alleges that Paragon failed to meet these obligations, causing damages to District Title, the Perkins, and Co-Defendants. (ECF No. 69 ¶¶ 28-31).

Therefore, District Title claims potential indemnification, equitable indemnification and contribution for the damages the Perkins seek from District Title. District Title also alleges that Paragon was negligent and breached its fiduciary duty to District Title. (ECF No. 69).

On November 6, 2024, Paragon filed a motion to dismiss the third-party complaint for failure to state a claim. (ECF No. 83). On November 18, 2024, District Title filed a response in opposition. (ECF No. 86). On December 2, 2024, Paragon filed a reply. (ECF No. 87).

4

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)). A plaintiff's complaint must only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299-300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 663).

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage[.]" *Faulkenberry v. U.S.*

5

*Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F.Supp.3d 544, 549 (D.Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)). "However, 'the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is integral to the complaint and there is no dispute about the document's authenticity.'" *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549). "A document is integral to the complaint if its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549) (internal quotation marks omitted).

Paragon attached an affidavit and an email exhibit to its motion to dismiss. (ECF No. 84-3). The affidavit and email are from Richard L. Fritts ("Mr. Fritts"), Vice President of Paragon. Although District Title does not dispute the authenticity of the email, it is not "integral to the [third-party] complaint." Nor may an affidavit, merely setting forth "facts" in contravention of a complaint, be considered on a motion to dismiss. Therefore, neither the affidavit nor the email will be considered. At this early stage in the third-party litigation, the court will not convert the motion to dismiss into a motion for summary judgment.

6

**III. Analysis**

    **A. Motion to Dismiss**

Paragon argues that District Title failed to state a claim because Paragon had no duty to the Perkins regarding the easement, and District Title's allegations that Paragon "negotiated, drafted, and prepared the [e]asement" are false and "completely lacking in evidentiary foundation." (ECF No. 84, at 3). Paragon also argues that District Title's claims for indemnification, negligence, and breach of fiduciary duty are time-barred. (ECF No. 84, at 3).

    **1. Counts I-II: Indemnification and Equitable Indemnification[3]**

District Title alleges that because Paragon negotiated and drafted the easement and gave it to District Title to file, Paragon is required to indemnify District Title against any damage resulting from the easement and Paragon's "acts or omissions in connection with its work." (ECF No. 69 ¶ 12). District Title denies any negligence on its part; however, it contends that if the Perkins succeed on their negligence claim against District

---

[3] The third-party complaint sets out indemnification and equitable indemnification as two separate claims. Paragon divides and addresses these claims as implied in fact indemnification and implied in law indemnification. In its opposition, District Title only responds in support of its implied indemnity in law claim. The indemnification and equitable indemnification claims may be redundant, but at this early stage, the court will address the claims as one claim.

Title, District Title is entitled to complete indemnification from Paragon. (ECF No. 69 ¶¶ 13-15). District Title further alleges that any negligence of its own "was merely passive," and Paragon's negligence was the primary cause of the Perkins' alleged damage. (ECF No. 69 ¶ 18).

Paragon argues that to state a claim for implied in law indemnification, Paragon must be the party that is primarily liable in tort to the Perkins. (ECF No. 84, at 6). It then claims that it did not draft the easement or have any duty related to the title search. (ECF No. 84, at 7). Paragon notes that the Perkins allege that District Title was responsible for the title search and recording the easement and that District Title does not allege that Paragon and District Title were joint tortfeasors. (ECF No. 84, at 7). Paragon argues that because the Perkins have alleged that District Title was actively negligent, and the Perkins do not allege that Paragon was negligent, District Title cannot seek indemnity from Paragon. (ECF No. 84, at 7). Additionally, Paragon contends that "[b]ecause the Perkins[] have not sued Paragon in tort, Paragon cannot be held to be joint tortfeasors with District Title, and District Title's claim for indemnity thus fails as a matter of law." (ECF No. 84, at 8). Paragon further argues that any of the Perkins' tort claims that District Title requests indemnification for are barred by Maryland's three-year statute of

8

limitations because the Perkins should have been on notice of the easement by 2021. (ECF No. 84, at 9).

Under Maryland law, one right to indemnification is:

> an equitable one implied by law. In *Franklin v. Morrison*, [] 350 Md. [144,] [] 154, 711 A.2d [177,] [] 182 [(1998)] we [the now Supreme Court of Maryland] observed that this third form of indemnity, which we characterized as tort indemnity, may exist between persons liable for a tort. We said that the basis of it "is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay." *Id[.]*, quoting from *Restatement (Second) of Torts*, § 886B cmt. c. (1979).[]

*Pulte Home Corp. v. Parex, Inc.*, 403 Md. 367, 382 (2008).

> For tort indemnity in Maryland, "a defendant may seek indemnification only when its liability is passive or secondary, which liability is rooted in the concept of imputed or constructive fault." *Pyramid Condo. Ass'n v. Morgan*, 606 F.Supp. 592, 596 (D.Md. 1985). In determining whether negligence is active or passive, courts typically look to the allegations in the plaintiff's complaint against the party seeking to implead the third-party defendant. "If the alleged conduct attributed to the third-party plaintiff is active negligence, or if it is clear from the complaint that the third[-]party plaintiff's negligence would only arise from proof of active negligence, then there is no valid claim for indemnity." *Richards v. Freeman*, 179 F.Supp.2d 556, 560 (D.Md. 2002) (citing *Kelly v. Fullwood Foods, Inc.*, 111 F.Supp.2d 712, 714 (D.Md. 2000); *Pyramid Condominium*, 606 F.Supp. at 596).

*Erson v. Int'l Special Attractions, Ltd.*, No. 13-CV-1625-DKC, 2014 WL 3055554, at *7 (D.Md. July 1, 2014).

District Title alleges that Paragon was obligated to: "draft, negotiate, modify and finalize an [e]asement that met the terms of the [Perkins] and Co-Defendants;" "provide proper notice to and

obtain the consent of the Plaintiffs and Co-Defendants for the terms of the [e]asement that it prepared;" and "provide District Title with a notice and contractually-compliant [e]asement." (ECF No. 69 ¶¶ 27-28). District Title alleges that Paragon was negligent in failing to meet these obligations. (ECF No. 69 ¶ 28). Although the Perkins' complaint alleges that District Title was actively negligent by failing to complete its title search properly and "failing to notify the Perkins of the size and terms of the easement after it was notified of the easement in its correspondence with [Sandy Spring] and [Mr.] Fleisher," (ECF No. 1 ¶¶ 87-89), District Title alleges that Paragon was negligent in drafting the easement and providing proper notice to the Perkins and District Title. (ECF No. 69 ¶¶ 27-28).

"The issue at bottom is whether there is a plausible scenario where [District Title's] negligence is merely passive, thereby opening up tort indemnification as a potential remedy." *Erson*, 2014 WL 3055554, at *8 (citing *Bd. of Trs. of Balt. Cnty. Cmty. Colls. v. RTKL Assocs., Inc.*, 80 Md. App. 45, 56-57 (1989)). If the factfinder decides that the Perkins' damages are entirely due to Paragon's failure to draft the easement properly and provide notice to the Perkins and District Title, the factfinder may also find that District Title's failure to complete its title search and notify the Perkins of the easement was passive negligence. *See Erson*, 2014 WL 3055554, at *8 (first quoting *Pyramid*, 606

10

F.Supp. at 596 ("a right to indemnity exists 'where the indemnitee's negligence is based upon a failure to inspect and thereby discover a defect in an article manufactured by the indemnitor.'"); then quoting *Max's of Camden Yards v. A.C. Beverage*, 172 Md.App. 139, 148 (2006) ("Frequently occurring situations in which a right to implied indemnity between tortfeasors has been recognized include a tortfeasor liable . . . for failing to discover a defect in a chattel supplied by another, for failing to discover a defect in work performed by another, and for failing to discover a dangerous condition on land created by another.")). Therefore, at this motion to dismiss stage, District Title's indemnification claims will not be dismissed for failure to state a claim.

Additionally, the indemnification claims will not be dismissed based on Paragon's statute of limitations argument.

> [C]ourts generally do not resolve the applicability of affirmative defenses, such as limitations, through a Rule 12(b)(6) motion. *Edwards [v. City of Goldsboro]*, 178 F.3d [231,] 243 [(4th Cir. 1999)]. Indeed, the circumstances are "relatively rare" where the facts in a complaint are sufficient to support a ruling on such a defense at the motion to dismiss stage. *Goodman*, *[v. Praxair, Inc.]*, 494 F.3d [458,] 464 [(4th Cir. 2007)]; see *Pressley [v. Tupperware Long Term Disability Plan]*, 553 F.3d [334,] 336 [(4th Cir. 2009)]. Therefore, a trial court ordinarily does not grant a motion to dismiss "based on the assertion that the cause of action is barred by the statute of limitations unless it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *Litz v. Maryland Dep't of Env't*, 434 Md. 623, 641, 76 A.3d 1076, 1086 (2013); *accord Rounds v. Maryland-Nat.*

*Capital Park & Planning Comm'n*, 441 Md. 621, 655, 109 A.3d 639, 659 (2015).

*State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F.Supp.3d 536, 557 (D.Md. 2019). Paragon argues that the statute of limitation begins to run when the Perkins should have been on notice of the easement, but the claims at issue here are District Title's claims, not the Perkins' claims. District Title has alleged that it received notice of the claim against itself when the underlying complaint was filed on July 7, 2023. (ECF No. 86, at 5-6). Therefore, at this stage, it is not clear on the face of the third-party complaint that District Title's indemnification claims are time barred.

**2. Count III: Contribution**

District Title denies any negligence on its part; however, it contends that if the Perkins succeed on their negligence claim against District Title, District Title is entitled to contribution from Paragon "because Paragon's negligence caused and/or contributed to [the Perkins'] damages and injuries." (ECF No. 69 ¶¶ 21-23).

Paragon argues that contribution only exists between joint tortfeasors, and as it argued for indemnification, Paragon and District Title cannot be joint tortfeasors because Paragon is not liable to the Perkins in tort. (ECF No. 84, at 9-10). Paragon further argues that it cannot be obligated for contribution under

a contract theory, because Paragon did not have a contractual relationship with the Perkins or District Title. (ECF No. 84, at 10).

> Under Maryland's Uniform Contribution Among Tort-Feasors Act ("UCATA"), a defendant may seek contribution from a joint tortfeasor where "two or more persons [are] jointly or severally liable in tort for the same injury to a person or property, whether or not judgment has been recovered against all or some of them." Md.Code Ann., Cts. & Jud. Proc. § 3-1401(c). "Contribution rests on common liability, not on joint negligence or joint tort. Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds." *Parler & Wobber v. Miles & Stockbridge*, 359 Md. 671, 687 (2000) (citation omitted).

*Erson*, 2014 WL 3055554, at *8. District Title's contribution claim incorporates its prior allegations by reference (ECF No. 69 ¶ 20), including the allegations that Paragon's negligence caused the Perkins' damages, and any of District Title's negligence was "merely passive." (ECF No. 69 ¶ 18). If District Title shows that Paragon was negligent by failing to draft the easement properly and failing to provide notice of the terms of the easement, District Title can show that Paragon's negligence could have caused or contributed to the Perkins' damages. *See Erson*, 2014 WL 3055554, at *8 (citing *Certain Underwriters at Lloyd's London v. R.J. Wilson & Assocs., Ltd.*, No. 11-1809-CCB, 2013 WL 3224999, at *4 (D.Md. June 25, 2013)). Therefore, Paragon's motion to dismiss the contribution claim will be denied.

13

### 3. Count IV: Negligence

District Title alleges that Paragon was obligated to: "draft, negotiate, modify and finalize an [e]asement that met the terms of the [Perkins] and Co-Defendants;" "provide proper notice to and obtain the consent of the Plaintiffs and Co-Defendants for the terms of the [e]asement that it prepared;" and "provide District Title with a notice and contractually-compliant [e]asement, suitable for filing or otherwise" (ECF No. 69 ¶¶ 27-28). District Title alleges that Paragon was negligent in "fail[ing] to meet its obligations and duties regarding the [Perkins], the [e]asement, and District Title." (ECF No. 69 ¶ 28).[4]

Paragon argues that it did not owe any duty to the Perkins or District Title. (ECF No. 84, at 11). Paragon further contends that it did not draft the easement and it was not responsible for any of the alleged acts or omissions related to the easement and title search; therefore, Paragon did not cause the Perkins' injuries. (ECF No. 84, at 11). Additionally, Paragon argues that the negligence claim is barred under Maryland's three-year statute of limitations.

Under Maryland law, to state a claim for negligence, a plaintiff must allege "(1) the defendant owes the plaintiff a duty of care; (2) the defendant breached that duty; (3) the plaintiff

---

[4] The third-party complaint has two paragraphs numbered "28." This citation refers to the second paragraph "28."

sustained an injury or loss; and (4) the defendant's breach of the duty was the proximate cause of the plaintiff's injury." *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 610-11 (2017) (citation omitted). District Title has alleged, albeit minimally, that Paragon had a duty arising from contractual negotiations and relationships, as well as its role as a title company, to provide it with a properly drafted easement and proper notice of that easement, that Paragon breached that duty by failing to draft the easement properly and provide notice, and that failure caused District Title, the Perkins, and co-Defendants to suffer damages.  (ECF No. 69 ¶¶ 27-31).  Therefore, District Title has alleged a negligence claim.

Additionally, as discussed above for the indemnification claims, it is not clear on the face of the third-party complaint that District Title's negligence claim is time barred.  Therefore, Paragon's motion to dismiss the negligence claim will be denied.

**4. Count V: Breach of Fiduciary Duty**

District Title alleges that Paragon owed a fiduciary duty to District Title to ensure that the easement was drafted properly, to provide the successive title company "complete and informed information and consent," and to comply "with any and all contractual and fiduciary obligation and terms [of] its agreements with [the Perkins] and/or Defendants, including District Title." (ECF No. 69 ¶ 35).  District Title alleges that Paragon breached

15

its fiduciary duty by failing to do perform these duties, and that this breach caused damages to District Title.  (ECF No. 69 ¶¶ 34-36).

Paragon argues that this claim is not a proper third-party claim under Fed. R. Civ. P. 14 because the Perkins' complaint does not allege a breach of fiduciary duty claim against District Title. (ECF No. 84, at 11).  Additionally, Paragon argues that the third-party complaint does not allege any facts to support that it owed a fiduciary duty to the Perkins or District Title.  (ECF No. 84, at 12).  Paragon also argues that the claim is barred by Maryland's three-year statute of limitations.

"To establish a breach of fiduciary duty as an independent cause of action, a plaintiff must show: '(i) the existence of a fiduciary relationship; (ii) breach of the duty owed by the fiduciary to the beneficiary; and (iii) harm to the beneficiary.'" *Plank v. Cherneski*, 469 Md. 548, 599 (2020) (quoting *Froelich v. Erickson*, 96 F.Supp.2d 507 (D.Md. 2000), *aff'd sub nom. Froelich v. Senior Campus Living, LLC*, 5 F.App'x 287 (4th Cir. 2001)).  The Supreme Court of Maryland explained that:

> As is borne out by our survey of the case law, fiduciary relationships can be created by common law, by statute, or by contract, and can have different characteristics. "Well-known examples of habitual or categorical fiduciary relationships include those between trustees and beneficiaries, agents and principals, directors and corporations, lawyers and clients, and guardians and wards, as well as the relationship among partners." Deborah A. DeMott,

16

> *Relationships of Trust and Confidence in the Workplace*, 100 Cornell L. Rev. 1255, 1261 (2015). For this reason, there is no "one-size fits all" breach of fiduciary tort that encompasses all types of relationships. In other words, "there is no universal or omnibus tort for the redress of breach of fiduciary duty by any and all fiduciaries." *Kann [v. Kann],* 344 Md. [689,] [ ] 713, 690 A.2d 509 [(1997)].

*Plank*, 469 Md. at 598.  The relationship between two successive title companies is not included in the Supreme Court of Maryland's examples of fiduciary relationships, and District Title has not otherwise alleged the existence of a fiduciary relationship. District Title alleges that "Paragon owed a fiduciary duty as the issuing title company for an [e]asement," and that Paragon "breached its fiduciary duty[/duties] to District Title," but District Title does not allege any facts in support of its allegation that a fiduciary relationship existed between itself and Paragon.  In its opposition, District Title seemingly attempts to allege that Paragon also had a fiduciary relationship with the Perkins; nevertheless, "a plaintiff may not cure a defect in a complaint or otherwise amend a complaint by way of opposition briefing."  *Wooten v. Univ. of Md., Balt.*, 733 F.Supp.3d 402, 414 (D.Md. 2024) (citing *De Simone v. VSL Pharms.*, 36 F.4th 518, 531 (4th Cir. 2022)).  Therefore, District Title has failed to allege sufficient facts for a breach of fiduciary duty claim, and Paragon's motion to dismiss as to this claim will be granted.

**IV. Conclusion**

For the foregoing reasons, Paragon's motion to dismiss will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
