IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSIE PERKINS, et al.                    :

                                          :

    v.                                    :   Civil Action No. DKC 23-1823

                                          :

SANDY SPRING BUILDERS, LLC,
et al.                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this dispute over a property easement are two motions to strike Plaintiffs' supplemental disclosure of an expert witness, filed by Sandy Spring Builders, LLC ("Sandy Spring"), (ECF No. 150), and Compass DMV, LLC ("Compass") and Marc Fleisher ("Mr. Fleisher") (collectively "Compass Defendants"), (ECF No. 151).  The issues have not been briefed adequately, and both motions will be denied in part without prejudice to renewal as motions in limine.  Some portions of the proposed expert testimony, however, are clearly improper; the motions will be granted in part as it relates to those portions.

**I.    Background**

**A.    Factual Background**

The background of this case has been set forth in detail in three prior decisions of this court.  (ECF Nos. 64, 110, and 145).  The court will summarize the facts here to provide context for the relevant issues.

Briefly, Jessie and James Perkins (collectively, "Plaintiffs" or "the Perkins") are the purchasers of property adjacent to land purchased by the Eyals.  (ECF No. 145, at 3-4).  Both plots were owned by Sandy Spring.  (*Id*.)  Compass and Mr. Fleisher were engaged as agents for the seller, (*id*. at 2), and Mr. Fleisher told the Perkins that a septic easement would be on their lot for the benefit of the adjacent property, (*id*. at 3).  Mr. Fleisher also allegedly told them that the easement would not be necessary if the adjacent lot passed the percolation test.  (*Id*.)  The Perkins executed an assignment to acquire the property with Sandy Spring, understanding that an easement might be created as shown on an attached plan.  (*Id.*)  The Perkins engaged the services of District Title for closing.  (*Id*. at 4).  Unbeknownst to the Perkins, a more extensive easement was drafted prior to settlement; a copy was provided to District Title, but not to the Perkins. (*Id*.)  The expanded easement was recorded after settlement and discovered by the Perkins several months later.  (*Id*. at 5). Litigation ensued when the Eyals sought to enforce the recorded easement.  (*Id*.)  Plaintiffs thus sued three sets of defendants, alleging each should have told them about the updated easement: the title company (District Title), the seller/assignor (Sandy Spring), and the realtor (the Compass Defendants).

### B.    Timeline on Expert Disclosures

On September 6, 2024, the court issued a scheduling order and ordered discovery to close by January 21, 2025. (ECF No. 68). On October 7, 2024, the court approved the parties' request for an extension of various discovery deadlines. (ECF No. 79). Under the amended scheduling order, Plaintiffs' Rule 26(a)(2) disclosures were due by February 5, 2025, Defendants' Rule 26(a)(2) disclosures were due by March 5, 2025, and Plaintiffs' rebuttal Rule 26(a)(2) disclosures were due by March 19, 2025. (*Id.*) The court amended the discovery closure deadline to April 21, 2025. (*Id.*)

On March 5, 2025, the court amended the timeline again and provided that Defendants' Rule 26(a)(2) disclosures were due by April 5, 2025, and that Plaintiffs' rebuttal Rule 26(a)(2) disclosures were due by April 19, 2025. (ECF No. 97). Discovery was then set to close on May 21, 2025. (*Id.*)

On March 12, 2026, the court ruled on several summary judgment motions and granted the motion for disclosure of an expert out of time filed by the Compass Defendants, (ECF No. 146). The request to reopen discovery in order to permit the expert designation and deposition of David Thurston arose because of the somewhat delayed testimony by Jeffrey Darrah that District Title had no responsibility to provide the unrecorded easement to Plaintiffs at

or before settlement.  (ECF No. 121, at 1-2).  In granting the unopposed motion to disclose an expert out of time, the court found the late designation substantially justified and harmless.  (ECF No. 145, at 48).  The court noted that the motion was unopposed, that trial had not been scheduled, that the proposed evidence was central to the case, and that scheduling conflicts and a departing attorney were reasons for the delay.  (*Id.* at 48-49).  The court reopened discovery "for the limited purpose of any depositions of the new expert identified by Compass DMV, Inc. and Marc Fleisher, David Thurston, and the parties designating any other expert in response."  (ECF No. 146, at 2).  The court scheduled trial beginning November 16, 2026.  (ECF No. 147).

Because discovery material is not normally filed with the court, the court does not have a full picture at present of the competing experts the parties expect to present.  According to Sandy Spring, the Perkins only identified one expert witness – who will address the alleged damages – during the discovery period. (ECF No. 150, at 2).  Mr. Darrah was apparently testifying as a fact witness but may have strayed into expert testimony when he said that District Title had no duty to disclose the expanded easement to the Perkins.  (ECF No. 121, at 2).  Mr. Thurston, thus, was proposed by the Compass Defendants as an expert to testify

that District Title *did* have a duty to disclose the expanded easement to the Perkins.

The Compass Defendants provided a somewhat abbreviated "report" for Mr. Thurston a few days after filing the motion to permit late designation.  (ECF No. 122-1).   Mr. Thurston's deposition was taken after the court's ruling, on May 7, 2026. (ECF No. 150, at 2).   District Title later designated its own expert, Anne Anastasi, to rebut Thurston's proposed testimony. (ECF No. 148 (link disabled by the clerk)).

Within seven days of the deposition, counsel for Plaintiffs emailed counsel for Defendants to state that they were planning to designate another expert in response to Mr. Thurston's testimony. (ECF No. 152-1, at 9).   Counsel for Sandy Spring responded, "I don't have an issue if you are simply obtaining an expert on the standard of care for a settlement agent." (*Id*. at 8).   The Compass Defendants filed Mr. Hartman's expert report, (ECF No. 151-2). That report proposes Mr. Hartman as both a legal and a real estate expert, clearly a problem.

## II.  Standard of Review

### A.   Fed.R.Civ.P. 26(a)(2)

Fed.R.Civ.P.  26(a)(2)  governs  the  disclosure  of  expert witnesses and testimony.  In prescribing the appropriate time to disclose expert testimony, Rule 26(a)(2)(D) provides:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed.R.Civ.P. 26(a)(2)(D). As implied in the rule, rebuttal evidence is proper if it "is solely to contradict or rebut evidence on the same subject matter identified by the opposing party's expert [evidence]." *Boden v. United States*, No. 7:18CV00256, 2019 WL 6883813, at *5 (W.D.Va. Dec. 17, 2019) (internal quotation marks omitted) (quoting *Snider-Jefferson v. Amigo Mobility Int'l, Inc.*, No. 2:15-cv-406, 2016 WL 4424954, at *4 (E.D.Va. Aug. 17, 2016)).

## III. Analysis

The Compass Defendants and Sandy Spring make two primary arguments in favor of striking Mr. Hartman's expert appearance: (1) the designation is untimely and not substantially justified, (ECF Nos. 150, at 5; 151, at 3), and (2) Mr. Hartman's designation is inappropriately broader than just rebutting the testimony of Mr. Thurston, (ECF Nos. 150, at 4; 151, at 2). The issues are intertwined.

6

**A.    Timeliness**

Mr. Hartman's designation would be untimely if he were designated as only an affirmative witness, as Plaintiffs' Rule 26(a)(2) disclosures were due February 5, 2025.  (ECF No. 79). Mr. Hartman's designation may be timely, however, if he is a rebuttal witness to counter Mr. Thurston and/or Ms. Anastasi. Under Fed.R.Civ.P. 26(a)(2)(D)(ii), a party has 30 days to disclose a rebuttal expert in response to an expert disclosure.

On March 12, 2026, the court reopened discovery "for the limited purpose of any depositions of the new expert identified by [the Compass Defendants], David Thurston, and the parties designating any other expert in response."  (ECF No. 146, at 2). The parties and the court recognized that other parties ought to be entitled to designate a rebuttal expert to answer the report of Mr. Thurston.  Plaintiffs' counsel emailed Defendants' counsel about designating Mr. Hartman seven days after Mr. Thurston's deposition.  Whether the designation of Mr. Hartman is timely under Fed.R.Civ.P. 26(a)(2)(D)(ii) depends on whether he is a rebuttal witness.

**B.    Rebuttal vs. Affirmative Evidence**

Any expert designated directly "in response" to Mr. Thurston is a rebuttal witness as contemplated within Rule 26(a)(2)(D)(ii). *See Deque Sys. Inc. v. Browserstack, Inc.*, 177 F.4th 585, 595 (4th

7

Cir. 2026) (quoting Fed.R.Civ.P. 26(a)(2)(D)(ii)) ("A rebuttal report is just that—a report offered to 'rebut evidence on the same subject matter identified by another party[.]'"); *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) (alteration in original) (quoting Black's Law Dictionary 1267 (6th ed. 1990)) ("Rebuttal evidence is defined as '[e]vidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party.'").  Plaintiffs assert that Mr. Hartman intends to testify in response to Mr. Thurston.  (ECF No. 152, at 1).  The Compass Defendants and Sandy Spring argue that the scope of Mr. Hartman's testimony is broader than that of simply rebutting Mr. Thurston's testimony.  (ECF Nos. 150, at 4; 151, at 2).

Reviewing Mr. Hartman's expert report, (ECF No. 151-2), the court is skeptical that it could all be considered a rebuttal to Mr. Thurston.  Mr. Hartman only mentions District Title in two paragraphs of his opinion, and then only to say that delivery of the updated easement to District Title does not satisfy a disclosure obligation owed by the Compass Defendants.  (*Id*. at 3-4).  The heart of his report is clearly about the obligations of the Compass Defendants and Sandy Spring: he states "upon disclosing the existence of the septic easement to the Perkins, Compass and Mr. Fleisher assumed a duty to disclose all material information concerning that easement," (*id*. at 4), and Sandy Spring was

similarly "obligated to disclose those changes [to the easement] to the Perkins before closing," (*id.*).

Mr. Hartman's expert report, however, is only half the story. The only evidence in the record about the scope of *Mr. Thurston's* expert report is one paragraph of the supplemental disclosure. (ECF No. 122-1). In that filing, Mr. Thurston's "expert opinion testimony at the time of trial [was] anticipated to include" that District Title owed a duty of care to the Perkins that was breached by not disclosing the updated easement. (*Id.* at 4). Without the benefit of the deposition transcript or full expert report of Mr. Thurston, the court is unable to determine how much of Mr. Hartman's testimony, if any, is rebuttal. As more information becomes available to the court in the weeks leading up to trial, the court may have the information necessary to make a final determination.

The court does have enough information, however, to delineate one limit on the scope of Mr. Hartman's expertise. Mr. Hartman will not be permitted to testify as an expert on the law in his role as an attorney. Mr. Hartman's report at times reads like a legal brief, citing his interpretation of the law and making legal conclusions. (ECF No. 151-2, at 3). But it is the duty of the court to instruct the jury about the applicable law, not an expert witness. *See Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th

Cir. 1986), *abrogated on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988).  Mr. Hartman may, however, be permitted to testify as an expert in his capacity as a real estate broker.  The court will grant the motions to strike as they pertain to Mr. Hartman's expert opinion on the law and deny the remainder of the motions without prejudice to renewal as motions in limine.

## IV.  Conclusion

For the foregoing reasons, the motions filed by Sandy Spring and the Compass Defendants will be granted as they pertain to Mr. Hartman's expert opinion on the law and otherwise denied without prejudice to renewal as motions in limine.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

10